## In the Matter of William H. Moyer.

AFFIDAVIT TO HOLD TO BAIL—RELEASE OF DEFENDANT ON HABEAS CORPUS BECAUSE OF INSUFFICIENCY OF—CERTIORARI TO REVIEW ORDER DISMISSING WRIT.

Petition of William H. Moyer for writ of *certiorari* to review *habeas corpus* proceedings instituted to secure his release from arrest under a *capias ad respondendum* issued at the suit of Samuel 1. Johns from the circuit court of Grand Traverse county. Writ denied March 4, 1896.

*Charles G. Turner,* for petitioner, contended that the circuit court erred in dismissing the *habeas corpus* proceeding, and in holding the affidavit to hold to bail sufficient for the reasons:

1. That said affidavit fails to set forth in detail the facts and circumstances essential as a basis for the issuance of the writ of *capias.*

2. That said affidavit sets out conclusions and inferences from facts not within the personal knowledge · of the affiant.

3. That the falsity of the representations alleged to have been made by the petitioner does not appear in said affidavit, and the statements respecting the falsity of said representations are too indefinite to possess the quality of legal proof.

4. That said affidavit does not state such a case as is required by the statute and as in the law tends to make out a case in all its parts.

5. That the affidavit fails to show that the debt was due or that the petitioner had ever refused to pay over any money in his hands belonging to the plaintiff.

The facts as set forth in the affidavit for *certiorari* were:

1. That on February 18, 1896, the petitioner was arrested upon a *capias ad respondendum* issued at the suit of Samuel L. Johns from the circuit court for Grand Traverse county; that in the affidavit to hold to bail, made by Fred L. Farlee, it was averred:

*a*—That the affiant was the agent of the plaintiff, who was a non-resident cigar manufacturer, and made said affidavit in his behalf.

*b*—That the petitioner, who was at the

time engaged in the cigar trade at Traverse City, Michigan, applied to the plaintiff to purchase, upon credit, a bill of goods; that for the purpose of apprising plaintiff of his financial circumstances and procuring said goods the petitioner wrote a letter to plaintiff, in which he stated that he had $2,150 with which to do business; that in addition to this he had $1,000 which he had borrowed from a Mr. Williams, who held his plain promissory note, bearing interest at six per cent.; that besides this he owed two or three small bills amounting to about $350; that if his statement was satisfactory plaintiff should at once ship the goods, and if not he should cancel the order, and wire the petitioner to that effect at his expense.

c—That affiant and plaintiff believing such statements to be true, accepted said order, and sold to the petitioner, on credit, cigars of the value of $1,159.90, which the said plaintiff, inspired by a like belief, delivered to petitioner.

d—That said statements were false in every particular, and were made with the intent to cheat and defraud plaintiff out of said bill of cigars; that the petitioner was at the time insolvent; that the petitioner knew that he did not have $2,150 in cash; knew that he was not indebted to said Williams in the sum of $1,000 for borrowed money to put into petitioner's business; knew at the time he purchased said goods that he could not pay for the same, nor did he intend to pay for the same, but knew that his intention was to cheat and defraud the said plaintiff out of said goods.

e—That the petitioner, after receiving said goods, stated to affiant that on the night of February 5, 1896, he was robbed by two men, who entered his store, of $4,700 then in said store and $70 then in petitioner's pocket; that the possession of the money was secured by means of threats against the life of the petitioner; that he was bound and gagged by said men, and left in the store until the next morning.

f—That said store is upon one of the most public streets in Traverse City;

that a police officer passes it every fifteen minutes; that at the hour when the robbery was claimed to have taken place it could not have been done without some officer seeing petitioner, who, according to his statement, was sitting at a table in said store; that the story of the petitioner was wholly false; that the same was planned by the petitioner and others before the delivery to him of said goods, and before credit had been extended to him therefor; that it was told for the purpose of misleading the said plaintiff and defrauding and cheating him out of his goods and money; that shortly after the making of said statements the petitioner stated to affiant that he suffered great pain and agony during the night of the robbery; that to others he stated that he suffered greatly from cold, and to others he stated that he was drugged and suffered intensely in several ways.

g—That during the time he was engaged in business in Traverse City the petitioner kept no account with any bank in said city; that he commenced doing business in said city in October, 1895, and on February 1, 1896, instructed plaintiff to draw on him through a bank in said city for the amount of his said bill, less two per cent. discount.

h—That shortly after the alleged robbery the petitioner chattel mortgaged his stock and book accounts to said Williams and to Martin & Bunty, and also gave them a bill of sale of said property, all for the purpose of cheating and defrauding said plaintiff out of his goods and the money due him from petitioner.

2. That petitioner was committed to jail in default of bail; that the return day of said *capias* is April 9, 1896, and too late for the April, 1896, term of court; that the next term of court commences on June 22, 1896.

3. That on February 19, 1896, the petitioner applied to the judge of said circuit court for a writ of *habeas corpus*; that said writ was granted; that on February 21, 1896, a hearing was had, and said writ was dismissed, said circuit

judge holding said affidavit to hold to bail sufficient, and petitioner was remanded to the custody of the sheriff at the county jail.

[The objections urged against the affidavit were substantially those set forth in the contention of the attorneys for petitioners. On February 25, 1896, the petitioner applied to the Supreme Court for a writ of *habeas corpus* upon substantially the same grounds upon which this application is based, and the writ was denied. He then instituted this proceeding. EDITOR.]